# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MORRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN SUTTON,<br><br>　　　　Defendant. | Case No. 1:17-cv-01488-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND VACATING MAY 15, 2019 HEARING<br><br>(ECF Nos. 28, 31) |

## I.

## INTRODUCTION

On April 10, 2019, Plaintiff filed a motion to reopen discovery and extend the discovery cutoff deadline, along with an *ex parte* application to shorten the time for the Court to hear the motion. (ECF Nos. 27, 28.) The *ex parte* application requested that the hearing on the motion to re-open discovery be held on April 24, 2019, or as soon thereafter that the Court is available. (ECF No. 27.) On the same date, Defendant filed a response to Plaintiff's *ex parte* application opposing the request to shorten the time period. (ECF No. 29.) On April 11, 2019, the Court denied Plaintiff's *ex parte* application and set the hearing on the motion to reopen discovery for May 15, 2019, at 10:00 a.m. in Courtroom 9. (ECF No. 30.) On May 1, 2019, Defendant filed an opposition to Plaintiff's motion to re-open discovery. (ECF No. 31.) Plaintiff did not file a reply. The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on May 15, 2019, will be vacated and the parties will not be required to appear at that time.

///

1

## II.

## BACKGROUND

This action involves the murder of Jason Morris while he was incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") at Wasco State Prison. Morris was a convicted sex offender placed in the Sensitive Needs Yard, and Plaintiff alleges that Jason Morris specifically told officials that he needed a higher level of protection because of fears for his safety. Jason Morris was placed in a cell with another inmate, and the other inmate murdered Jason Morris.

On August 15, 2018, the Court issued a scheduling order setting among others, the following deadlines: 1) motions to amend the pleadings were to be filed by January 14, 2019; 2) non-expert discovery cutoff-off of March 29, 2019; 3) a dispositive motion deadline of June 28, 2019; and 4) a trial date of November 5, 2019. (ECF No. 23.)

### A. Plaintiff's Factual Contentions

In September of 2018, Plaintiff's counsel had a staffing issue which resulted in the termination of an employee, and the duties were transferred to a legal secretary. Plaintiff's counsel states that the firm's usual practice is to carefully track deadlines using the software program Abacus Law. Plaintiff's counsel states that not all discovery deadlines were calendared correctly due to over-extension of staff for a period of months, and as a result, were not made aware of pending deadlines until January of 2019.

On December 5, 2018, Plaintiff's counsel underwent a medical procedure and was out of the office for a large part of December and into January of 2019. When counsel returned to the office, he was inundated with matters requiring immediate attention, particularly urgent criminal matters. Plaintiff's counsel states that despite this heavy case load, discovery in this matter proceeded, and on February 15, 2019, Plaintiff served interrogatories and a request for production on Defendant Sutton. On February 28, 2019, Plaintiff noticed the depositions of Defendant Sutton, and the PMK from CDCR, for March 21, 2019. The notices were emailed and mailed to counsel for Defendant Sutton.

On March 15, 2019, counsel for Defendant emailed Plaintiff's counsel advising him that

CDCR was not served with a subpoena and therefore would not be appearing for the March 21, 2019 deposition. Plaintiff's counsel admits the error given that Defendant's counsel previously served as counsel for the CDCR in this matter prior to its termination, and states that counsel's assistant made the assumption that Defendant's counsel would be accepting the notice and representing CDCR. There was insufficient time to re-serve the deposition subpoena on CDCR on the date that Plaintiff's counsel received the email from Defendant's counsel.

On March 19, 2019, Plaintiff received Defendant's responses to the written discovery, and in the interrogatory responses, Defendant provided the names of officers responsible for the transfer of Inmate Beardsley into Jason Morris's cell, D. Standiford, A. Ball, and D. Silva Escobar. The next day, March 20, 2019, Plaintiff's counsel set the depositions for these officers, for March 28, 2019, after counsel's assistant arranged with the Wasco Litigation Coordinator to accept service of the subpoenas. The deposition notices and subpoenas were served on Defendant Sutton's counsel the same day.

On March 21, 2019, Defendant Sutton was deposed, and at the deposition, Plaintiff's counsel states that "counsel for Defendant Sutton indicated he believed his client would agree to allow the deposition of the PMK of the CDCR to be re-noticed and proceed despite the discovery cut-off of March 29, 2019." On March 26, 2019, Defendant Sutton's counsel emailed Plaintiff's counsel informing him that he now had been retained by the CDCR and now represented the officers to be deposed. Defendant's counsel then cancelled the depositions citing procedural problems with witness fees and the distance from Wasco, in addition to objecting that there was insufficient time between the setting of the depositions and the deposition date.

On April 1, 2019, Plaintiff's counsel sent a meet and confer letter requesting to agree to reset the depositions, and on April 5, 2019, Defendant's counsel dispatched a response refusing to reopen discovery.

Additionally, on April 3, 2019, Plaintiff's counsel became aware that Inmate Beardsley was sentenced on April 4, 2019, for Jason Morris's murder, and Plaintiff's counsel intends to obtain the trial transcript along with related documents pertaining to the criminal case, such as the investigative file. The criminal trial concluded on March 7, 2019.

**B.      Defendant's Factual Contentions**

Defendant emphasizes certain facts. First, Defendant highlights that the three officers Plaintiff identified above as being disclosed in the interrogatory responses served March 19, 2019, D. Standiford, A. Ball, and D. Silva Escobar, were in fact identified in the Defendant's initial disclosures served on September 28, 2018. Defendant also highlights that he completed his needed discovery by January 29, 2019, whereas Plaintiff did not commence discovery until February 19, 2019, when Plaintiff propounded interrogatories and requests for production, which Defendant timely responded to on March 18, 2019. Defendant notes that on February 28, 2019, Plaintiff served a notice of deposition on non-party CDCR, which the Court notes was terminated as party on March 8, 2018, and never served a deposition subpoena on CDCR. Last, after Plaintiff served notices of depositions on D. Standiford, A. Ball, and D. Silva Escobar, set for March 28, 2019, Defendant's counsel states that because there was insufficient time to serve a motion to quash prior to the March 29, 2019 discovery cut-off, on March 26, 2019, Defendant's counsel sent a letter objecting to the subpoenas because of insufficient notice, because there were no witness fees, and because the deposition location was greater than 100 miles from the witnesses' residences and their place of employment.

## III.

## LEGAL STANDARD

This Court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the

court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 at 609. This is the standard that Defendant presents arguments under in the briefing submitted.

However, it is "significant" when a party is seeking a "retroactive reopening" of discovery rather than extending the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id. When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Court is to "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017). In Plaintiff's briefing, Plaintiff presents its arguments in relation to these factors for reopening discovery, as well as the general good cause standard applicable to modifying a scheduling order generally, that Defendant utilized.

**IV.**

**ANALYSIS & DISCUSSION**

As noted above, Plaintiff briefed the motion under both the good cause standard applicable to modifying a scheduling order, as well as the factors to relevant to reopening discovery, whereas Defendant argued its motion only under the good cause standard for modifying a scheduling order prior to the expiration of a deadline. The good cause standard primarily considers diligence of the moving party, and also prejudice, which are two of the factors considered under the standard for reopening discovery.

**A.    Whether Trial is Imminent**

The trial is set in this matter for November 5, 2019. At the time that Plaintiff filed this

motion, the trial date was a little less than seven months away. Plaintiff argues that a short extension of time will not affect the trial date, and an extension will allow for the depositions, and allow for review of the criminal trial records with sufficient time to allow for experts to prepare prior to trial.

The Court agrees that there is a somewhat significant amount of time between now and the trial date, however as of the entry of this order, it is now less than six months away. The Court is concerned with the fact that dispositive motions are to be filed by June 28, 2019. While Defendant does not directly address the factor of an imminent trial date, Defendant does address potential prejudice an extension will have on his ability to file a motion for summary judgment, as discussed further below. Any extension on the deadline to file a dispositive motion may have an impact on the trial date currently set in this matter, and given the impacted status of the Eastern District, changes to trial dates are highly disfavored. Thus, while not imminent, the trial date could be impacted by the timeline for filing and ruling on a motion for summary judgment prior to trial.

**B.  Whether the Request is Opposed**

The motion is opposed by Defendant.

**C.  Whether the Non-Moving Party would be Prejudiced**

Plaintiff argues that while Defendant's counsel has also been retained by officers D. Standiford, A. Ball, and D. Silva Escobar, Defendant Sutton will not be prejudiced because the issue in this action is determining who was responsible for placing the inmate in the same cell with Jason Morris, and it is highly relevant for all parties to ascertain the facts surrounding the cell transfer. Plaintiff argues that Defendant Sutton personally has no interest one way or the other in whether Plaintiff also pursues a case against these individuals.

Defendant argues that he will be prejudiced if discovery is reopened because Defendant's counsel has other concurrent obligations, and Defendant will have a difficult time meeting the June 28, 2019 deadline to file a motion for summary judgment if the parties are still conducting discovery.

As noted above, the Court is concerned with the impact any discovery extension would

have on the ability to file a motion for summary judgment and finds this factor weighs against granting the motion. The Court is further concerned that if discovery were reopened, the dispositive motion deadline would likely have to be changed, and thus affect the Court's ability to retain the trial date.

**D. Whether the Moving Party was Diligent in Obtaining Discovery within Deadlines**

Plaintiff argues they exercised diligence in pursuing discovery, and this "is not the case where Plaintiff waited until after the discovery deadline passed or was about to pass to begin conducting any discovery," as Plaintiff deposed Defendant Sutton and served interrogatories and requests for production. Plaintiff states it was only upon receiving the interrogatory responses that Plaintiff determined the significance of the involvement of D. Standiford, A. Ball, and D. Silva Escobar in the transfer of the inmate. Plaintiff concedes that these individuals were named in the initial disclosures, however upon review of the discovery, Plaintiff's counsel determined their depositions were necessary to analyzing the events surrounding the death.

Defendant, as discussed above, briefed its opposition under the good cause legal standard which primarily considers the diligence of the moving party. Defendant emphasizes that Plaintiff was not diligent because Plaintiff's counsel was involved in selecting the discovery deadlines, with the discovery cutoff clearly set for March 29, 2019 as far back as August 15, 2018. Defendant argues that even if Plaintiff's counsel mistakenly failed to calendar the appropriate discovery cutoff and alerts, there was nothing preventing Plaintiff from conducting discovery sooner than February of 2019. Plaintiff could have served D. Standiford, A. Ball, and D. Silva Escobar with deposition subpoenas anytime prior to March 20, 2019, given these individuals were disclosed in the initial disclosures in September of 2018, and Plaintiff provides no compelling or specific reason as to why he waited until March 20, 2019 to subpoena them.

Defendant also argues that not only was Plaintiff not diligent in generally conducting discovery, Plaintiff was not diligent in seeking an extension of the discovery cutoff. Defendant argues that if Plaintiff's counsel's medical condition or criminal matters prevented him from attending to this case and completing discovery in a timely manner, it may have been reasonable

for Plaintiff to move to extend the deadline several months ago, particularly given the unavailability of the criminal trial transcript at the time. Defendant says this delay in seeking an extension undermines any claim Plaintiff was diligent, citing Hardy v. Cty. of El Dorado, No. 2:07-cv-0799 JAM EFB, 2008 WL 3876329, at *1 (E.D. Cal. 2008) (rejecting plaintiffs motion to extend discovery deadline and rejecting argument that it could not complete discovery because attorney had been ill and busy with obligations in another case, and finding plaintiffs had not been diligent where they waited until three days before the discovery cut-off to request modification of the scheduling order); Boparai v. Shinseki, No. 1:09-cv-01164 AWI JLT, 2010 WL 4738125, at *2 (E.D. Cal. 2010) (finding that filing a motion to modify the scheduling order six days before the discovery cut-off was not diligent).

Here, the Court agrees with Defendant that Plaintiff was not diligent. While the Court is sympathetic to Plaintiff's counsel's medical issues and other pressing criminal matters that coincided with staffing issues which caused calendaring issues, Plaintiff failed to issue basic written discovery until February 15, 2019, and did not issue the deposition notice for the CDCR until February 28, 2019, six months after the scheduling order was issued on August 18, 2018. The Court also finds it significant that the officers Plaintiff now seeks to depose were listed in the initial disclosures submitted in September of 2018. The Court also finds it significant that Plaintiff was fully aware, or should have been aware, that the criminal trial of Inmate Beardsley was yet to be completed, and would likely yield relevant information. Despite this confluence of factors, Plaintiff failed to move the Court to extend the discovery deadline until after it had expired. For these reasons, Plaintiff has failed to demonstrate diligence, both in conducting discovery, and in seeking an extension of the discovery deadline in a timely manner despite these multiple issues demonstrating a need to do so.

### E. The Foreseeability of the Need for Additional Discovery

Plaintiff states that the need for additional time for discovery was not foreseeable in light of the time allowed for discovery. Because of Plaintiff's medical condition and pressing case load, Plaintiff's counsel lost several months of time that the Court allowed for discovery. Plaintiff's counsel states that at the time the scheduling order was entered, he had no knowledge

that he would be incapacitated for such a long time. Additionally, the information from Inmate Beardsley's trial has just now become available, and Plaintiff's counsel states it has been unclear when or if information from the trial might be available as Inmate Beardsley has been unavailable for deposition as he was awaiting trial, and the criminal case file was unavailable.

The Court finds this factor weighs against Plaintiff for similar reasons explained above regarding Plaintiff's diligence. Plaintiff failed to issue basic written discovery until February 15, 2019, and did not issue the deposition notice for the CDCR until February 28, 2019, six months after the scheduling order was issued on August 18, 2018. The officers Plaintiff now seeks to depose were listed in the initial disclosures submitted in September of 2018, and Plaintiff was fully aware, or should have been aware, that the criminal trial of Inmate Beardsley was yet to be completed.

### F. The Likelihood that Discovery will Lead to Relevant Evidence

Plaintiff argues the discovery sought is extraordinarily likely to lead to relevant evidence given the crux of this case deals with what led Inmate Beardsley to be placed in the cell with Jason Morris, and based on the interrogatories, officers D. Standiford, A. Ball, and D. Silva Escobar, have relevant information. Additionally, Plaintiff anticipates Inmate Beardsley's trial transcript and related documents will also provide additional relevant information.

While the Court agrees this discovery will likely lead to relevant evidence, as explained above, Plaintiff knew should have known such evidence was relevant, and failed to exercise diligence in conducting discovery, and in pursuing an extension of the discovery deadlines in light of the issues presented shortly before the expiration of such deadlines.

///
///
///
///
///
///
///

9

## V.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen discovery and for an extension of the non-expert discovery deadline (ECF No. 28) is DENIED; and

2. The hearing set for May 15, 2019 is VACATED and the parties need not appear on that date.

IT IS SO ORDERED.

Dated: __May 13, 2019__

_____
UNITED STATES MAGISTRATE JUDGE