# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MORRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN SUTTON,<br><br>　　　　Defendant. | CASE NO. 1:17-cv-01488-AWI-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF NON-EXPERT DISCOVERY**<br><br>(Doc. No. 33) |

## I. Introduction

This lawsuit is about an inmate, Jason Morris, who was murdered by his cellmate, Michael Beardsley, while incarcerated at California's Wasco State Prison, where Defendant John Sutton ("Defendant") was the warden. Jason's wife, Plaintiff Jennifer Morris ("Plaintiff"), filed this lawsuit against Defendant in November 2017, alleging that Sutton negligently failed to protect Jason from being murdered. After non-expert discovery closed on March 29, 2019, Plaintiff moved to reopen non-expert discovery on April 10, 2019. Plaintiff's motion to reopen non-expert discovery was denied by the Magistrate Judge. Plaintiff then moved the Court for reconsideration of the Magistrate Judge's denial. For the reasons discussed herein, the Court will deny Plaintiff's motion for reconsideration.

## II. Background

Plaintiff's original complaint named the California Department of Corrections and Rehabilitation ("CDCR") as a defendant, in addition to Defendant Sutton. The Office of the Attorney General of California ("Attorney General") appeared as the attorney for both then-defendant CDCR and Defendant Sutton. CDCR then moved to dismiss Plaintiff's claims against

CDCR, and the Court granted that motion on March 8, 2018.  See Doc. No. 11.  Consequently, CDCR was terminated as a party from this lawsuit.

On August 15, 2018, the Court issued a scheduling order.  See Doc. 23.  The scheduling order imposed the following deadlines and dates:

- January 14, 2018, for lodging motions for leave to amend the pleadings;
- March 29, 2019, for completion of non-expert discovery;
- June 28, 2019, for lodging dispositive motions;
- November 5, 2019, for the start of trial.

After the Court issued the scheduling order, Plaintiff's attorney, Mark Coleman, and his staff failed to "effectively" calendar the non-expert discovery deadline and "tickler" reminders of the deadline, contrary to their normal protocol.  Doc. No. 28 at 9.  Their failure was partly due to Coleman and his staff dealing with the recent termination of an administrative employee, which in turn caused Coleman and his staff to be "over-extended."  Id. at 2.

On September 28, 2018, Defendant served Plaintiff with initial disclosures.  Defendant's initial disclosures identified the names and involvement of the following three prison officers at Wasco State Prison: (1) D. Standiford, the correctional sergeant who approved the bed-move request that placed Beardsley in the cell with Jason; (2) A. Ball, the correctional sergeant who reviewed the bed-move request that placed Beardsley in the cell with Jason; and (3) D. Silva Escobar, the correctional officer who requested the bed-move that placed Beardsley in the cell with Jason.  See Doc. No. 31.

During "a large part of the month of December [2018] and into January 2019," Plaintiff's attorney was out of his office due to a medical procedure that he underwent on December 5, 2018.  Doc. No. 28.  In his declaration, Plaintiff's attorney did not tell the Court when he first learned that he would undergo the medical procedure and be out of the office for over a month.  When Plaintiff's attorney returned to his office in January 2019, he was "inundated by matters which needed [his] immediate attention."  Id.  According to Plaintiff's attorney, these matters were "urgent" criminal matters.  Id.

On February 15, 2019, Plaintiff served Defendant with interrogatories and document production requests. On February 28, 2019, Plaintiff noticed the depositions of Defendant and the person-most-knowledgeable ("PMK") for CDCR, which Plaintiff scheduled for March 21, 2019. Plaintiff served Defendant's attorney with notices of the two depositions, but Plaintiff did not serve CDCR — which at that time was not a party — with a subpoena for the PMK deposition. Plaintiff's attorney declared that CDCR was not served with a subpoena because the assistant of Plaintiff's attorney assumed that Defendant's attorney, the Attorney General, would also be representing CDCR for the PMK deposition. Plaintiff's attorney admitted that it was an error to not serve CDCR with a subpoena. Id. at 10.

On March 7, 2019, Beardsley's criminal trial for the murder of Jason concluded.

On March 15, 2019, the Attorney General informed Plaintiff's attorney that the CDCR had not been served with a subpoena and, for that reason, the CDCR would not appear at the scheduled PMK deposition. Plaintiff's attorney declared that because he did not realize his error of not serving the CDCR with a subpoena until March 15, 2019, "there was not sufficient time to re-notice the deposition of the PMK . . . prior to the discovery cut-off of March 29, 2019." Id.

On March 19, 2019, Plaintiff received Defendant's interrogatory responses. The interrogatory responses provided the names of the three prison officers responsible for transferring Beardsley into Morris's prison cell — namely, D. Standiford, A. Ball, and D. Silva-Escobar.

On March 20, 2019, Plaintiff scheduled the depositions of the three prison officers for March 28, 2019, after Plaintiff "arranged with the Wasco Litigation Coordinator to accept service of the subpoenas" for the officers. Id. at 10-11. Also on March 20, 2019, Plaintiff served the prison's litigation coordinator with subpoenas for the three officers' depositions, which were scheduled to be conducted in Fresno, California. Plaintiff served Defendant with notices of the three officers' depositions.

On March 21, 2019, according to Plaintiff's attorney, "counsel for Defendant Sutton indicated that he believed his client would agree to allow the deposition of the PMK of the CDCR to be re-noticed and proceed despite the discovery cut-off of March 29, 2019." Id. at 11.

On March 26, 2019, the Attorney General informed Plaintiff that it had been retained to represent the three prison officers. The Attorney General then canceled the officers' scheduled depositions because, according to the Attorney General, there were procedural problems with the deposition subpoenas. Specifically, the subpoenas were not accompanied by witness fees, there was insufficient time between when the subpoenas had been served and when the depositions were scheduled to be conducted, and the distance between the depositions' scheduled location — Fresno, California — and residences and places of employment of the three prison officers — Bakersfield, California — was greater than 100 miles.

On March 30, 2019, the non-expert discovery deadline passed.

On April 1, 2019, Plaintiff sent a discovery meet-and-confer letter to Defendant in an attempt to informally resolve the outstanding discovery issues. Specifically, Plaintiff requested that the parties stipulate to extending the non-expert discovery deadline.

On April 3, 2019, Plaintiff became aware that Beardsley was scheduled to be sentenced on April 4, 2019, for the murder of Morris.

On April 5, 2019, Defendant responded to Plaintiff's meet-and-confer letter, refusing to stipulate to extend the non-expert discovery deadline.

On April 10, 2019, Plaintiff moved the Court to reopen non-expert discovery so that Plaintiff could obtain discovery relating to Beardsley's criminal trial and conduct the depositions of the three prison officers. See Doc. No. 28.

On May 13, 2019, the Magistrate Judge issued a ten-page order denying Plaintiff's motion to reopen non-expert discovery. See Doc. No. 32. The Magistrate Judge arrived at his ruling by applying the Ninth Circuit's multi-factor standard under Rule 16(b) for motions to amend scheduling orders that have been lodged after the expiration of the discovery deadline. See, e.g., City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (instructing district courts to consider the following factors when adjudicating motions to retroactively reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for

1 | additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence").

On May 22, 2019, Plaintiff moved the Court for reconsideration of the Magistrate Judge's order. See Doc. No. 33. Defendant filed an opposition to Plaintiff's motion for reconsideration. Doc. No. 35.

### III. Plaintiff's Motion for Reconsideration

**1. Plaintiff's arguments.**

Plaintiff argues that the Magistrate Judge's denial of Plaintiff's motion was clearly erroneous and contrary to the law for the following reasons: the Magistrate Judge (1) put too much weight on the imminence of the upcoming trial; (2) improperly focused on Defendant's attorney's ability to meet the dispositive motion deadline; (3) wrongly concluded that Defendant would be prejudiced if the non-expert discovery deadline were extended; (4) wrongly concluded that Plaintiff was not diligent in pursuing the sought-after discovery; and (5) did not give enough weight to the fact that the sought-after discovery was "extraordinarily" likely to lead to relevant evidence. Doc. No. 33 at 8.

**2. Defendant's arguments.**

Defendant argues that the Magistrate Judge's denial was not clearly erroneous because it was supported by the evidence. According to Defendant, the evidence shows that Plaintiff unreasonably delayed in deposing the three prison officers, all of whom were identified to Plaintiff in September 2018 in Defendant's initial disclosures. Additionally, according to Defendant, the evidence shows that Plaintiff knew or should have known long before the expiration of the non-expert discovery deadline that Beardsley's criminal trial was forthcoming, but Plaintiff waited until after the expiration of the non-expert discovery deadline to seek an extension of the deadline.

### IV. Legal Standard

A district court may refer non-dispositive issues to a magistrate judge under 28 U.S.C. § 636(b)(1). Fed. R. Civ. P. 72(a); Local Rule 302(c); Mitchell v. Valenzuela, 791 F.3d 1166, 1168

5

(9th Cir. 2015) ("Pursuant to section 636, magistrate judges may hear and determine non-dispositive matters . . . ."). If a party objects to a non-dispositive pretrial ruling by a magistrate judge, then the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Rule 72(a); Local Rule 303(f).

A magistrate judge's factual findings or discretionary decisions are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997). However, this standard is significantly deferential, and the district court "may not simply substitute its judgment for that of the deciding court." Grimes v. City of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

The "contrary to law" standard "permits independent review of purely legal determinations by the magistrate judge." F.D.I.C. v. Fid. & Deposit Co. of Maryland, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (citations omitted); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002) (stating that under 28 U.S.C. § 636(b)(1)(A), questions of law are reviewed de novo); Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, at *1 (D. Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion."). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Cochran v. Aguirre, 2017 WL 2505230, at *1 (E.D. Cal. June 9, 2017); Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983) ("Thus, while we may review magistral findings of fact, subject only to the 'clearly erroneous' standard, we may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes or case precedent.").

## V. Discussion

**1. Multi-factor analysis for modifying scheduling order.**

Rule 16 of the Federal Rules of Civil Procedure requires district courts to issue scheduling orders in the lawsuits pending before them. See Fed. R. Civ. P. 16(b). One purpose of the

scheduling order is to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once the court issues the scheduling order, the scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Accordingly, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (citations omitted).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard of Rule 16(b) focuses on whether the movant was diligent or careless. As stated by the Ninth Circuit:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification.

Johnson, 975 F.2d at 609 (citations omitted).

In addition to focusing on the good cause standard of Rule 16, the district court must also consider the following factors when ruling on a motion to amend the scheduling order:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

### A. Diligence

The Magistrate Judge concluded that Plaintiff did not diligently pursue the sought-after discovery. The Magistrate Judge based this conclusion on the following findings. First, after the scheduling order was issued in August 2018, Plaintiff waited approximately six months until February 2019 — which was only approximately one month prior to the non-expert discovery deadline — to serve basic written discovery and schedule the deposition of the PMK for CDCR.

Second and similarly, Plaintiff waited until February 2019 to schedule the depositions of the three prison officers, even though Defendant disclosed the identities and involvement of those officers to Plaintiff in September 2018 in Defendant's initial disclosures. Third, Plaintiff waited until after the expiration of the non-expert discovery deadline to move for an extension of the deadline even though Plaintiff knew or should have known before the deadline that Beardsley's criminal trial had not yet begun and was likely to yield relevant information. Fourth, although Plaintiff's attorney was impacted by a pressing caseload, a medical issue that made him absent from his office in December 2018 and part of January 2019, and failures with his staff's calendaring of deadlines, this "confluence" of circumstances did not excuse Plaintiff's lack of diligence and failure to move the Court earlier for an extension of the non-expert discovery deadline. Doc. No. 32 at 8.

The Magistrate Judge's foregoing findings and conclusions are neither clearly erroneous nor contrary to law. Based on the same findings identified by the Magistrate Judge, the Court agrees that Plaintiff was not diligent in pursing the sought-after discovery. Therefore, this factor weighs heavily in favor of denying Plaintiff's motion to reopen non-expert discovery.

Plaintiff argues that she was diligent, but the Court is not convinced. Plaintiff waited until approximately one month before the non-expert discovery deadline to begin discovery in earnest. Additionally, Plaintiff did not provide the Court with an explanation for why she did not begin discovery before her attorney's medical procedure, such as in September, October, or November 2018. Additionally, the failures by Plaintiff's attorney's staff to properly calendar deadlines and reminders, while unfortunate, do not excuse Plaintiff's lack of diligence. The same can be said for Plaintiff's failures to follow the procedural rules for subpoenas and depositions. Additionally, to the extent that Plaintiff was confused about whether the CDCR and the prison officers were represented by the Attorney General, such confusion could have been resolved in a timely fashion if Plaintiff had not waited until the last minute to handle the subpoenas and depositions.

**B.    Imminence of trial.**

The Magistrate Judge found that the dispositive motion deadline and trial date would likely be delayed if the non-expert discovery deadline were extended. This finding is not clearly

erroneous, and the Court agrees with it. Therefore, this factor weighs in favor of denying Plaintiff's motion to reopen non-expert discovery.

Plaintiff argues that the Magistrate Judge put "too much weight on the trial's imminence," Doc. No. 33 at 5, but the Court disagrees. The Magistrate Judge acknowledged that the current trial date was six months in the future from the time of the Magistrate Judge's order, and the Magistrate Judge characterized that amount of time as "significant." Doc. No. 32 at 6. But even with this amount of time before the trial, the Magistrate Judge accurately found that reopening non-expert discovery would likely require delaying the dispositive motion deadline and trial date. This finding is obviously accurate because, for example, the current dispositive motion deadline has already passed. Therefore, because Plaintiff's requested extension would in fact delay the trial date, and because the Magistrate Judge weighed this factor along with all other required factors, there is no merit to Plaintiff's argument that the Magistrate Judge put "too much weight" into this factor.

### C. Prejudice to the non-moving party.

The Magistrate Judge found that Plaintiff's requested extension would likely delay the dispositive motion deadline and trial date, as discussed supra. The Magistrate Judge indicated that these delays would prejudice Defendant. These findings and conclusion from the Magistrate Judge are neither clearly erroneous nor contrary to law. Delaying the proceedings, especially the trial date, can constitute prejudice to the non-moving party. See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (affirming denial of a Rule 15 motion to amend and holding that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."). The same is true for reopening discovery when it requires additional costs and major alterations in trial tactics and strategy, see Kozlov v. Associated Wholesale Grocers, Inc., 818 F.3d 380, 395 (8th Cir. 2016), which would likely occur here if non-expert discovery were reopened and Plaintiff pursued the three prison officers in discovery and named them as defendants.[1] For these reasons,

---

[1] The Court is aware that Plaintiff recently filed a motion for leave to amend her complaint in order to add the three prison officers as named defendants. See Doc. No. 34.

9

1  the Court agrees with the Magistrate Judge that Defendant would be prejudiced if non-expert

2  discovery were reopened.  Therefore, this factor weighs in favor of denying Plaintiff's motion to

3  reopen non-expert discovery.

4        The Court is not persuaded by Plaintiff's arguments that, first, Defendant will not be

5  prejudiced by reopening non-expert discovery and, second, the Magistrate Judge improperly

6  considered whether reopening non-expert discovery would prejudice Defendant's attorney.  As for

7  the first argument, Plaintiff suggests that reopening non-expert discovery will not prejudice

8  Defendant because Defendant "has no interest in whether Plaintiff deposes" the three prison

9  officers.  Doc. No. 33 at 6.  But this argument fails because, as stated supra, prejudice to the non-

10 moving party can occur when the trial is delayed, additional costs will be incurred, and major

11 alterations in trial tactics and strategy will result.  All of those prejudicial effects will likely be felt

12 by Defendant if non-expert discovery were reopened.  As for Plaintiff's second argument, Plaintiff

13 argues that the Magistrate Judge improperly focused on whether reopening discovery would

14 prejudice Defendant's attorney, as opposed to just Defendant.  The Court disagrees.  The

15 Magistrate Judge properly focused on whether reopening discovery will require delaying the

16 dispositive motion deadline and trial date, which in turn will prejudice Defendant.  Additionally,

17 there is nothing in the Magistrate Judge's order demonstrating that the Magistrate Judge put

18 inordinate attention on any potential prejudice to Defendant's attorney.

19       **D.**    **Foreseeability of the need for additional discovery.**

20       In considering whether Plaintiff's need for additional discovery was foreseeable, the

21 Magistrate Judge reiterated his findings from his diligence analysis — namely, that Plaintiff

22 waited several months until shortly before the discovery deadline to serve basic written discovery,

23 schedule and notice the deposition of CDCR's PMK and the three prison officers, and move for

24 additional time to conduct discovery related to Beardsley's criminal trial.  The Magistrate Judge

25 also reiterated his findings that Plaintiff knew or should have known about the need for the

26 discovery concerning the three prison officers and Beardsley long before Plaintiff moved to

27 reopen discovery.  In light of these findings, the Magistrate Judge concluded that Plaintiff should

28 have foreseen the need for the additional discovery.

The Magistrate Judge's foregoing findings and conclusion are neither clearly erroneous nor contrary to law. Based on the same findings identified by the Magistrate Judge, the Court agrees that Plaintiff should and could have foreseen the need for the additional discovery several months before Plaintiff moved for an extension. Therefore, this factor weighs in favor of denying Plaintiff's motion to reopen non-expert discovery.

Plaintiff argues that the significance of the three prison officers was foreseeable to Plaintiff only after Plaintiff received Defendant's interrogatory responses in March 2019, but the Court disagrees. The identities and involvement of the three prison officers was disclosed to Plaintiff in September 2018 in Defendant's initial disclosures. And even if the significance of the prison officers was not foreseeable from the initial disclosures, then Plaintiff could have served Defendant with interrogatories and received interrogatory responses several months earlier, such as in October or November 2018, which was before Plaintiff's attorney's medical procedure.

### E. Likelihood that discovery will lead to relevant evidence.

The Magistrate Judge found that the requested discovery would likely lead to relevant evidence, and Plaintiff does not contest this finding. Therefore, this factor weighs in favor of granting Plaintiff's motion to reopen non-expert discovery.

### F. Whether the request is opposed.

The Magistrate Judge found that Plaintiff's motion to reopen non-expert discovery was opposed by Defendant. Plaintiff does not contest this finding. Therefore, this factor weighs in favor of denying Plaintiff's motion to reopen non-expert discovery.

### 2. Weighing of factors.

The Magistrate Judge concluded that the weight of the foregoing factors weighed in favor of denying Plaintiff's motion to reopen non-expert discovery. This conclusion was neither clearly erroneous nor contrary to law. All of the foregoing factors except one weighed in favor of denying Plaintiff's motion, including the most significant factor, which is that Plaintiff was not diligent in pursuing the sought-after discovery. See Johnson, 975 F.2d at 609. Therefore, because the Magistrate Judge's denial was neither clearly erroneous or contrary to the law, the Court will

not disturb the Magistrate Judge's order and the Court will deny Plaintiff's motion for reconsideration.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (Doc. No. 33) is DENIED.

IT IS SO ORDERED.

Dated: July 9, 2019

SENIOR DISTRICT JUDGE