# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MORRIS,<br><br>        Plaintiff,<br><br>      v.<br><br>JOHN SUTTON,<br><br>        Defendant. | CASE NO. 1:17-cv-01488-AWI-SAB<br><br>ORDER RE: (1) PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT; (2) COURT'S SUPPLEMENTAL JURISDICTION; AND (3) CLOSING CASE<br><br>(Doc. Nos. 34, 38, 39, 44) |

## I. Background

This lawsuit is about an inmate, Jason Morris, who was murdered by his cellmate while incarcerated at California's Wasco State Prison, where Defendant John Sutton was the warden. Jason's wife, Plaintiff Jennifer Morris ("Plaintiff"), filed this lawsuit, alleging that (1) Sutton negligently failed to protect Jason from being murdered by his cellmate and (2) several unnamed "Doe" defendants — who are presumably prison workers at Wasco State Prison — violated Jason's federal rights while acting under color of state law.

Based on these allegations, Plaintiff has pleaded the following four claims for relief: (1) a claim against several unnamed Doe defendants pursuant to 42 U.S.C. § 1983 for violating Jason's and Plaintiff's rights under federal law; (2) a claim against several unnamed Doe defendants pursuant to California's Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1(b), for violating Jason's and Plaintiff's rights under California and federal law; (3) a negligence claim against Defendant Sutton and several unnamed Doe defendants for negligently failing to protect Jason from being murdered by his cellmate; and (4) a wrongful death claim against Defendant Sutton and several unnamed Doe defendants.[1]

---

[1] Plaintiff's claims for relief derive from her first amended complaint, Doc. No. 15, which is her operative complaint at this time.

Throughout this lawsuit, the Court has exercised original "federal question" jurisdiction over the § 1983 claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining California state law claims pursuant to 28 U.S.C. § 1367.

Discovery in this lawsuit is now closed and the deadline to amend the pleadings has expired. Currently pending before the Court are two motions: namely, Plaintiff's motion for leave to amend her complaint, Doc. No. 34, and Defendant Sutton's motion for summary judgment, Doc. No. 38. There is also a third important issue before the Court, which is whether the Court will continue to exercise supplemental jurisdiction over Plaintiff's California state law claims. The Court's adjudication of these motions and issues is as follows.

## II. Discussion

**A.     Plaintiff's motion for leave to amend the complaint.**

In Plaintiff's motion for leave to amend her complaint, Plaintiff informs the Court that she now knows the identities and names of three of the Doe defendants — namely, D. Standiford, A. Ball, and D. Silva-Escobar, all of whom were prison workers responsible for placing Jason in the prison cell where he was murdered by his cellmate. Plaintiff asks the Court for leave to amend her complaint so that she can identify and name the three prison workers as defendants in the complaint.

In a sixteen-page findings-and-recommendation, the Magistrate Judge analyzed Plaintiff's motion and ultimately concluded that the motion should be denied because Plaintiff failed to satisfy the good cause standard of Fed. R. Civ. P. 16 and the multi-factor standard of Fed. R. Civ. P. 15. <u>See</u> Doc. No. 39. Plaintiff did not file any written objections to the Magistrate Judge's findings-and-recommendation.

The Court accepts in full the Magistrate Judge's findings-and-recommendation because it is neither clearly erroneous nor contrary to law. Accordingly, the Court will deny Plaintiff's motion for leave to amend her complaint. As Plaintiff's operative complaint currently stands, this means that the § 1983 claim is not pleaded against any named defendants.

**B.	Plaintiff's failure to state a § 1983 claim.**

Having denied Plaintiff's motion for leave to amend her complaint, it is now clear to the Court that the § 1983 claim fails to state a claim as a matter of law. This is because, as noted supra, the § 1983 claim is not pleaded against any named defendants. This makes the claim facially implausible at this post-discovery and post-amendment phase, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (emphasis added); see also Cripe v. Unknown Party, 2017 WL 5194873, at *2 (S.D. Ill. Nov. 9, 2017) (dismissing a § 1983 claim because the claim was not pleaded against a named defendant), and violates the summons requirements and purpose of Fed. R. Civ. P. 4. See Fed. R. Civ. P. 4 (requiring a summons to "be directed to the defendant"). The shelf-life of Plaintiff's Doe designations has expired: the designations were permitted as a placeholder for named defendants only during the discovery phase, not at trial. Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980); see also Green v. Doe, 260 F. App'x 717, 719 (5th Cir. 2007); Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995); Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982).

Accordingly, the Court will dismiss the § 1983 claim, and the Court will do so with prejudice because Plaintiff was afforded the opportunity during discovery to identify the Doe defendants and then timely amend the complaint to name the defendants, but Plaintiff failed to do so, as discussed supra.

**C.	Supplemental jurisdiction over California state law claims.**

With the § 1983 claim being dismissed, the question before the Court is whether to continue exercising supplemental jurisdiction over the California state law claims. The Supreme Court has stated that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (emphasis added); see also Heath v. City of Desert Hot Springs, 618 F. App'x 882, 886 (9th Cir. 2015) (citing Gibbs, 383 U.S. at 726) (ruling that the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over the plaintiff's state law claims after dismissing the federal claims); cf. Acri v. Varian Assocs.,

Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (stating that although Gibbs says that state law claims "should" be dismissed if federal claims are dismissed before trial, Gibbs never meant that the state law claims "must" be dismissed).

28 U.S.C. § 1367(c) identifies the following scenarios where district courts may decline to exercise supplemental jurisdiction over a state law claim:

>   (1) the claim raises a novel or complex issue of State law,
>
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>   (3) <u>the district court has dismissed all claims over which it has original jurisdiction</u>, or
>
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added). Additionally, when the federal claims have been dismissed before trial, the district court's discretion to discontinue exercising supplemental jurisdiction over the state law claims should be informed by the Gibbs values "of economy, convenience, fairness, and comity." Acri, 114 F.3d at 1001. The Supreme Court has stated, and the Ninth Circuit has often repeated, that "in the usual case in which all federal-law claims are eliminated before trial, the balance of [Gibbs] factors will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

Here the Court concludes that this is a "usual case" where the federal law claim has been eliminated and the balance of factors points toward declining supplemental jurisdiction over Plaintiff's California state law claims. This conclusion has been informed by the Gibbs values, particularly the comity factor. California state courts have the primary responsibility for developing and applying their state law claims, including Plaintiff's Bane Act, negligence, and wrongful death claims. See, e.g., Curiel v. Barclays Capital Real Estate Inc, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010) ("Further, primary responsibility for developing and applying state law rests with the state courts."). Further, the Court finds no economy, convenience, or fairness concerns that individually or collectively outweigh the comity concern.

4

Accordingly, the Court will discontinue exercising supplemental jurisdiction over Plaintiff's state law claims. On this basis, the Court will dismiss Plaintiff's state law claims without prejudice to refiling in state court, and the Court will administratively close this case.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

(1) Plaintiff's motion for leave to amend her complaint (Doc. No. 34) is DENIED;

(2) Plaintiff's claim under 42 U.S.C. § 1983 is DISMISSED with prejudice;

(3) Plaintiff's state law claims are DISMISSED without prejudice;

(4) All other pending motions (i.e., Doc. Nos. 38, 44), including Defendant Sutton's motion for summary judgment, are DENIED as moot;

(5) All upcoming hearings, conferences, and the trial are VACATED;

(6) The Clerk of Court shall administratively CLOSE this case.

IT IS SO ORDERED.

Dated: September 5, 2019

_____
SENIOR DISTRICT JUDGE